This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                             **NO. A-1-CA-36453**

**HECTOR BAEZA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}      Defendant appeals from the district court's judgment and sentence, entered after a jury trial, convicting him for aggravated battery with a deadly weapon and injuring/tampering with a motor vehicle. Unpersuaded by Defendant's docketing statement, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a combined memorandum in opposition and motion to amend the docketing statement. Having considered Defendant's response, we deny the motion to amend and affirm.

{2}      Defendant's docketing statement challenged the sufficiency of the evidence to support his convictions and did not supply us with a description of the evidence presented. [DS unpaginated 2] We set forth the possible evidence presented from what we could glean from the record and proposed to affirm. In response to our notice, Defendant simply asserts that the evidence was insufficient to prove intent to injure and to prove that Defendant did not act in the defense of others, and this is asserted only in the context of his newly raised ineffective assistance of counsel claim. [MIO 7] We do not understand this argument to respond to our proposed analysis in pursuit of his original challenge to the sufficiency of the evidence. Therefore, Defendant has abandoned this issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (explaining that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). We do not address it further,

except to say that the evidence as it was set forth in our notice was sufficient to support Defendant's convictions.

**Motion to Amend**

{3}     The entirety of Defendant's response is a motion to amend the docketing statement to add the following claims: (1) juror bias denied him a fair trial; (2) ineffective assistance of counsel; and (3) the courtroom interpreter incorrectly interpreted information from English to Spanish. [MIO 1-9]

{4}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superceded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{5}    We deny Defendant's motion to amend the docketing statement because the motion does not contain sufficient information to support the issues he seeks to add and the missing information does not appear in the record before us. Regarding the alleged juror bias, the motion to amend does not state whether the defense objected to the allegedly biased juror, Defendant's middle school principal, or on what grounds. [MIO 1-4] In addition, Defendant's bare assertion that the totality of the circumstances shows that the juror could not be fair and impartial does not demonstrate that the juror was unable to perform his duty, particularly where the juror expressed uncertainty about knowing Defendant and seemed to assure the judge that he could be impartial. [MIO 2, 4] In the absence of an objection, a description of what the judge knew about the juror, or any showing that the juror was unable to perform his duty and that prejudice resulted therefrom, error is not proven and amendment to the docketing statement is not warranted. *See State v. Sanchez*, 1995-NMSC-053, ¶¶ 11, 13, 16, 120 N.M. 247, 901 P.2d 178 (observing that an objection to an allegedly biased juror can be waived, that in extreme circumstances bias can implied, and that, in the absence of implied bias, there must be a showing of actual bias and prejudice).

{6}    With regard to Defendant's claim of ineffective assistance of counsel, [MIO 5-7] the motion to amend does not demonstrate how the record supports his assertion that his attorney's illness and medications resulted in a deficient performance that prejudiced his defense. *See State v. Dylan J.*, 2009-NMCA-027, ¶ 36, 145 N.M. 719,

204 P.3d 44 (stating that the test for ineffective assistance of counsel "places the burden on the defendant to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense"). Defendant's assertion that the evidence was insufficient, with which we disagreed for the reasons in our notice, does not demonstrate ineffective assistance of counsel. [MIO 6-7] And Defendant's assertion that he had a viable claim of self defense that did not prevail [MIO 7] is not a prima facie showing of prejudice to his defense, which is made by demonstrating more specifically that, as a result of the deficient performance, "there was a reasonable probability that the result of the trial would have been different." *Id.* ¶ 38 (omission, internal quotation marks, and citation omitted). To make a prima facie showing of ineffective assistance, the defendant must be able to demonstrate that the facts necessary to a full determination are part of the record, otherwise "an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Because Defendant has not demonstrated that his claim is supported on the record, granting the motion to amend is not justified on this basis, and Defendant should pursue his claim in habeas proceedings.

{7}     Lastly, Defendant contends that the courtroom reporter did not always translate correctly during his trial, changing the meaning of some testimony. [MIO 8-9] Defendant does not indicate that he preserved this allegation of error and does not

5

identify any particular testimony that was inaccurately translated. Defendant asks us to assign this appeal to the general calendar to determine whether the translation resulted in error. On appeal, it is Defendant's burden to demonstrate error, and we do not assign cases to the general calendar to determine whether the record might support a vague allegation of unpreserved error, nor will we presume that it exists. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the proceedings below, and the party claiming error bears the burden of showing such error).

{8} For the reasons stated in this opinion, we deny the motion to amend the docketing statement. For the reasons stated in our notice, we affirm Defendant's conviction.

{9} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**