This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**DEJACKA ERSEL STAPLETON,**
**Defendant-Appellant.**

Docket No. A-1-CA-37677
COURT OF APPEALS OF NEW MEXICO
May 7, 2019

APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY, Drew D. Tatum, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Santa Fe, NM for Appellee

Bennett J. Baur, Chief Public Defender, John Bennett, Assistant Appellate Defender, Santa Fe, NM for Appellant.

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR:  J. MILES HANISEE, Judge, KRISTINA BOGARDUS, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}**　　Defendant appeals his convictions for possession of methamphetamine and tampering with evidence. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition/motion to amend the docketing statement. We hereby deny the motion to amend and affirm Defendant's convictions.

**Sufficiency of the Evidence**

**{2}** Defendant has abandoned this issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**Motion to Amend**

**{3}** Defendant has filed a motion to amend the docketing statement to add a new issue. In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by statute on other grounds as stated in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** Here, Defendant moves to amend the docketing statement to raise the issue of whether he had to personally waive UJI 14-5031 NMRA, which instructs the jury not to infer guilt from a defendant's refusal to testify. Defense counsel had been asked if she wanted the instruction, and she declined. [MIO 4] The Use Note to UJI 14-5031 states that the instruction "must not be given if the defendant objects." The Committee Commentary states that this is intended to give defendants control over whether the instruction should be given. To the extent that Defendant is arguing that counsel acted over his objection, we believe that this is better addressed as an ineffective assistance claim; in any event, Defendant has not established that his personal objections were made part of the record. *See State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 ("Matters not of record present no issue for review."). Defendant has also not referred us to specific authority supporting his contention that the court had an independent duty to inquire about Defendant's personal views on the matter. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We therefore conclude that the issue lacks merit.

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS, Judge**