This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39159**

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

      Petitioner-Appellee,

v.

**OPAL C.,**

      Respondent-Appellant,

**IN THE MATTER OF RHEANNA V.**
**and REGINALD V., JR.,**

      Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Children, Youth & Families Department
Rebecca J. Liggett, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Justin Stewart Raines
Carlsbad, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Respondent (Mother) appeals the termination of her parental rights to her two children (Children). This Court issued a notice of proposed disposition, proposing to affirm. Mother filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Mother contends (1) she was somewhat compliant with her treatment plan; (2) the Children, Youth, and Families Department (CYFD) failed to provide her with the assistance she needed to work her plan; (3) evidence did not support a termination of her parental rights; and (4) it would be in the best interest of Children to be with their biological mother. [CN 1-2] Our notice proposed that CYFD made reasonable efforts to assist Mother and noted that in her docketing statement Mother did not identify any specific way in which CYFD's efforts were inadequate. [CN 4, 6-7] We suggested that Mother's inconsistent and partial compliance with her plan did not equate to meaningful compliance, and sufficient evidence supported a termination of Mother's parental rights. [CN 3] Our notice also proposed to conclude that Mother's contention that Children would be better off with their biological parent did not appear to be supported by case law or the facts of the present case. [CN 8] We thus proposed to affirm. [CN 8]

**{3}** In her memorandum in opposition, Mother continues to argue only that CYFD failed to provide Mother with reasonable efforts, and that without such, termination of her parental rights was unsupported. [MIO 6] Specifically, Mother now contends that "reasonable efforts were not made in this case because the Department did not assist Mother in enrolling in a comprehensive inpatient treatment program at the outset of this case." [MIO 12] Mother contends her addiction issues were "severe" and CYFD "left Mother to figure out the complex maze of treatment opportunities on her own." [MIO 12]

**{4}** We note that "CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent." *State ex rel. Children, Youth & Families Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859. On appeal, "our job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law." *Id.* ¶ 28. Mother does not dispute our proposed conclusions that during her case she went to a detox program for one week and then began a thirty-day program, which she was asked to leave after a week due to behavioral issues. [CN 4] Nor does she dispute that she was referred to another program and cancelled or did not show to multiple intake opportunities. [CN 4] In light of CYFD's efforts to refer Mother to specific treatment programs as part of her plan, and Mother's limited success with those programs, we cannot conclude that CYFD's lack of an earlier referral rendered its efforts unreasonable. *See State ex rel. Children, Youth & Families Dep't v. Athena H.*, 2006-NMCA-113, ¶ 9, 140 N.M. 390, 142 P.3d 978 ("The Abuse and Neglect Act requires the treatment plan to be reasonable, not a guarantee of family reunification.").

**{5}**      We remain unpersuaded that Mother has shown error as to this issue. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error). We note that as Mother has not responded to our proposed disposition of her other issues, we deem them abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{6}**      Accordingly, we are unpersuaded that our proposed summary disposition was incorrect. Thus, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**