This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39315**

**STATE OF NEW MEXICO,**

> Plaintiff-Appellee,

v.

**MANSOOR KARIMI,**

> Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Mary L. Marlowe Sommer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Crowley & Gribble, P.C.
Joseph J. Gribble
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals his judgment and sentence, following a jury trial finding him guilty of two counts of homicide by vehicle (reckless driving). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our notice of proposed disposition proposed to affirm on the basis that (1) this Court cannot now review Defendant's challenges to the grand jury proceedings as he did not pursue appellate review of the denial of his motion to dismiss the indictment prior to trial; (2) sufficient evidence supported Defendant's convictions; (3) the district

court did not abuse its discretion in admitting lay witness testimony as to vehicle speed; and (4) the district court did not abuse its discretion in conducting the sentencing hearing remotely in accordance with the New Mexico Supreme Court's Order 20-8500-025 (Order). [CN 1-9]

**{3}** In his memorandum in opposition, Defendant no longer raises issues (2) and (3) and we deem them abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned). However, Defendant continues to argue issues (1) and (4).

**{4}** As to issue (1), Defendant responds to our calendar notice by urging us to find that "the pre-trial requirement to utilize either an extraordinary writ or interlocutory appeal as means to challenge a grand jury proceeding is a violation of fundamental due process[.]" [MIO 2] Defendant acknowledges that "New Mexico law does not support this request[,]" but contends that the "discretionary appellate options [for challenging a grand jury presentation] are frustrating." [MIO 3] As this Court must follow applicable precedents of our Supreme Court, we decline Defendant's invitation to find our current law regarding grand jury challenges to violate due process. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by New Mexico Supreme Court precedent); *see also State v. Bent*, 2012-NMSC-038, ¶¶ 18, 21, 289 P.3d 1225 (refusing to review alleged defects in the grand jury proceedings, because with an ultimate finding of guilt there is no adequate or useful remedy for the defendant).

**{5}** Regarding issue (4), Defendant continues to contend that his due process rights were violated by being sentenced remotely via video conferencing. [MIO 4] Specifically, Defendant asserts that, "[t]he impersonal nature of video was a disadvantage to his ability to obtain leniency[,]" and the video prevented him from "providing a full and effective allocution[.]" [MIO 4-6] Defendant relies on authority regarding the timing of allocution, not the manner, and cites to studies indicating that "video presentations are less effective for a defendant than an in-person presentation." [MIO 6-8] However, Defendant does not respond to our proposal that the district court entered findings, as required by the pandemic-related Order, that supported its decision to conduct the hearing remotely, nor does he challenge the findings themselves beyond generally asserting that he was prejudiced by the remote sentencing. [MIO 8] *See State v. Fernandez*, 1994-NMCA-056, ¶ 13, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."); *see also In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice."). We are unpersuaded that Defendant has demonstrated that the district court abused its discretion in conducting the sentencing hearing remotely in accordance with the applicable New Mexico Supreme Court Order. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{6}** Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

**{7}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**