This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38629**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**EUGENE DELAGARZA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
William A. O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction of aggravated battery. [MIO 1] In his docketing statement, Defendant challenged the sufficiency of the evidence to support his conviction and asserted that he was entitled to jury instructions involving self-defense and defense of another.[1] [DS 6-7] This Court issued a notice of proposed summary disposition proposing to affirm. [CN 5] Defendant has filed a memorandum in opposition

---

[1]Defendant also asserted error in the failure to give a "no duty to retreat" instruction, but does not address that issue in his memorandum. Where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136

to that proposed disposition. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** In his memorandum, Defendant correctly notes that where evidence is received supporting more than one factual inference, this Court must defer to a jury's reliance on the facts most favorable to the verdict. [MIO 3] Given that standard of review, we conclude that the testimony received at trial was sufficient to support the jury's findings that Defendant struck Victim with a baseball bat, causing injury.

**{3}** With regard to defense of another, our calendar notice pointed out that although Defendant asserts that his wife feared Victim, there was no evidence that his wife was present at the time of the altercation leading to his conviction. [CN 5] Defendant's memorandum provides no more information regarding Defendant's wife's presence or absence at that time.

**{4}** With regard to self-defense, our calendar notice acknowledged Defendant's assertion that Victim "took defensive swings to protect himself[,]" and that Victim at some point had a hammer. [CN 4] In his memorandum, Defendant now clarifies that there was testimony that the victim "armed himself with a hammer during the encounter." [MIO 1] That memorandum also recites that Defendant testified that he did not feel "an immediate threat" during the encounter, but also that "he was afraid of" Victim. [Id.] Defendant's memorandum also now asserts, though without reference to any evidence received at trial, that he hit Victim with the bat when he saw him "reach for the hammer." [Id.]

**{5}** On the basis of these clarifications, we note that if there was evidence that Victim was arming himself at the time he was struck, such evidence might, depending upon the surrounding circumstances, support a finding that there was an appearance of immediate danger. *See* UJI 14-5181 NMRA (enumerating elements of self-defense). Nonetheless, Defendant still suggests no evidence capable of supporting a finding that he objectively feared imminent danger. *See id.*; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 (describing the burden to "clearly point out errors in fact of law" in this Court's proposed summary disposition). We conclude that Defendant has not met his burden on appeal of establishing error below. *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error).

**{6}** Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the conviction on appeal.

**{7}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**JANE B. YOHALEM, Judge**