814 P.2d 136

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Benito SALENAS, Defendant–Appellant.**

No. 12740.

Court of Appeals of New Mexico.

May 7, 1991.

Certiorari Denied June 19, 1991.

**269**

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Robert J. Jacobs, Taos, for defendant-appellant.

## OPINION

MINZNER, Judge.

Defendant appeals his conviction for trafficking heroin. The second calendar notice proposed summary affirmance, and defendant responded with a timely filed memorandum in opposition. We have reviewed defendant's memorandum in opposition and are not persuaded that the proposed disposition is incorrect. Therefore, for the reasons discussed below, we affirm defendant's conviction.

■ With respect to Issues 1 and 2, defendant has not responded to the proposed disposition of these issues in the second calendar notice. *See State v. Martinez,* 97 N.M. 585, 642 P.2d 188 (Ct.App.1982).

Therefore, these issues are deemed abandoned. *Id.*

■ Defendant continues to allege that his due process rights were violated by the use of the confidential informant under a contingency fee agreement. Defendant argues that under these circumstances, the confidential informant becomes a bounty hunter for the state.

The confidential informant in this case worked for the police department under the agreement that the more drug transactions that he helped to complete, the more money he made. Defendant testified that the confidential informant handed him the heroin and asked him to give it to the undercover police officer. In contrast, the confidential informant denied this occurred and testified instead that defendant had the drugs all the time.

We do not agree with defendant that *State v. Glosson,* 462 So.2d 1082 (Fla.1985), is on point with his case. As noted in the second calendar notice, *Glosson* involved a contingency fee agreement in which the informant was promised a percentage of all civil forfeitures arising out of successful criminal investigations. The Florida court concluded that the informant had such a "financial stake in criminal convictions" that defendant's due process rights were violated. *See id.* at 1085. There is no evidence in this case, however, that the agreement between the informant and the police involved a contingent fee arrangement. The docketing statement indicates only that the informant admitted that "the more transactions which were completed, the more money he made." Thus, the evidence shows a paid informant, a circumstance which most courts have not found violated due process. *See generally Williams v. State,* 463 So.2d 1064 (Miss. 1985) (sustained a conviction based on evidence provided by an informant, whose fee escalated as type of controlled substance involved escalated in perceived dangerousness, and reviewing case law); *cf. Moore v. State,* 498 So.2d 612 (Fla.Dist.Ct.App.1986) (distinguishing *Glosson*).

Furthermore, defendant has failed to point to any error in law or in fact in this court's rationale that his due process concerns were met by informing the fact finder of the use of the confidential informant, the fee agreement, and allowing the fact finder to place whatever weight and effect it chose on the evidence. *See State v. Sisneros,* 98 N.M. 201, 647 P.2d 403 (1982) (the party opposing summary disposition must specifically point out errors in fact and law); *see also State v. Vialpando,* 93 N.M. 289, 599 P.2d 1086 (Ct.App.1979) (it is for the trier of fact to consider the weight and sufficiency of the evidence); *Williams v. State; see generally* Annotation, *Contingent Fee Informant Testimony in State Prosecutions,* 57 A.L.R.4th 643 (1987).

Based on the above, we affirm defendant's conviction.

IT IS SO ORDERED.

DONNELLY and APODACA, JJ., concur.