**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 28,083**

**JOSEPH VILLEGAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals his convictions of several counts of armed robbery, kidnapping, and felon in possession of a firearm. On appeal, he attacks an identification procedure and sufficiency of the evidence. In our second notice, we proposed to affirm, placing the burden on Defendant's counsel to provide us with the

facts necessary to make an informed decision. Defense counsel asked that we order preparation of a transcript of the hearing on the photo array. We did so and defense counsel has used it in preparing the response. We have considered Defendant's arguments and not being persuaded, we affirm.

In our first notice, we set out the law regarding out of court photo identification procedures. First, we determine whether the procedure was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. *State v. Salgado*, 1999-NMSC-008, ¶ 16, 126 N.M. 691, 974 P.2d 661. If so, then we determine whether, under the totality of the circumstances, the identification is nonetheless reliable. *Id.* In determining whether the out-of-court identification was suggestive, we examine several factors: (1) the opportunity to view, (2) the degree of attention, (3) the accuracy of the description, (4) the witness's level of certainty, and (5) the time between the crime and the identification. *State v. Cheadle*, 101 N.M. 282, 284, 681 P.2d 708, 710 (1983).

Here, Defendant argues that the photo array was unduly suggestive because he is the only gray-haired man in the array. At the hearing to suppress the array, the police officer who prepared the array testified regarding how he did it. [Tr. 3/12/07, 13-16] He explained that he pulled a mug shot of the person under suspicion and then

pulled five other photos of people who shared characteristics from the descriptions of the victims. The officer explained that he selected people 30 years-old or older, even though the victims had identified the perpetrator as elderly. [Tr. 15] He explained that the victims were all 18 or 19 years-old and compared the officer, who was 30, to the perpetrator. [Tr. 16] The officer stated that he tried to get a similar look, but not too generic. [Tr. 15] When asked how to make it suggestive, the officer explained that there would be real differences, like sex or features that really stand out. [Tr. 15-16] Simply because Defendant was the only gray-haired man in the array does not make it suggestive. The officer testified that he pulled together photos with similarities among the men. When the array was presented to the victims, each of them picked out Defendant as the perpetrator. All but one of the identifications was positive that Defendant was the perpetrator. [Tr. 32] That one stated that Defendant "resembled" the perpetrator. [Id.]

In analyzing the factors regarding the identification, the trial court found that the witnesses were all in close proximity to the perpetrator at the time of the robberies. [Tr. 65] Defendant acknowledges that finding, but argues that the State did not present any evidence regarding distance from the robber or the conditions of lighting. It appears from the testimony of the police officer that the reports of the victims was that

they had close contact with the robber as he would strike up a conversation in a store before he held them up. [Tr. 33] The testimony indicated that the identification was made mostly from eyes rather than hair as the perpetrator wore a hat. [Tr. 32-33] Thus, we conclude that there was sufficient evidence to support that the victim witnesses were in close proximity to the perpetrator.

The second factor concerns the degree of attention given by the witnesses. Here, the State argued below that the attention of the victim witnesses was heightened because they worked with the public and were faced with a gun. The Defendant responded with scientific evidence that eyewitness identification does not become more reliable with trauma. However, because of the third and fourth factors, we believe that the witnesses' attention was borne out.

The district court found that the victim witnesses had given consistent descriptions of the perpetrator. [Tr. 65] Defendant acknowledges that that is the case. [MIO 10] The district court also noted that each expressed a high level of certainty in his or her identification of Defendant as the perpetrator. [Tr. 65] Again, Defendant acknowledges that that is the case. He argues, however, that because Defendant was the only gray-haired man in the array, these findings mean nothing.

It does not appear, however, that hair color was the only distinguishing characteristic since the perpetrator wore a hat during the robberies. The witnesses also identified the perpetrator as having "bug" eyes. The array shows six men ranging in age from mid-30's to 60, with a similarly shaped head, partially balding, with different eye shape, including "bug" eyes. [RP 146] We conclude that the district court properly considered the factors before determining that under the circumstances, the array was not unduly suggestive and the identification would not be suppressed.

In his docketing statement, Defendant also raised sufficiency of the evidence to support the convictions. We propose to affirm in the first notice and Defendant did not further address the issue in his later memoranda in response to our notices. Therefore, we conclude that the issue was abandoned. *State v. Salenas*, 112 N.M. 268, 269, 814 P.2d 136, 137 (Ct. App. 1991).

For the reasons stated herein, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**