This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

 Plaintiff-Appellee,

v.              **NO. 30,760**

**EDWARD DAVIS**,

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Jamison Barkley, LLC
Jamison Barkley
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant appeals his conviction for criminal sexual contact of a minor. In our notice, we proposed to affirm the conviction. Defendant has timely responded to our proposal, along with a motion to amend the docketing statement to include additional

issues. We deny the motion to amend the docketing statement as it does not comply with *State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991). We have considered Defendant's arguments against our proposed affirmance and not being persuaded, we affirm.

In our notice, we proposed to conclude that the district court did not err in excluding the testimony of Detective Chadwell, who had investigated a previous allegation of criminal sexual contact that the victim had allegedly made against a different person. We proposed to conclude that the district court did not abuse its discretion pursuant to *State v. Johnson*, 1997-NMSC-036, 123 N.M. 640, 944 P.2d 869. In response, Defendant argues that the exclusion of Detective Chadwell's testimony violated his right to confront the witnesses against him. Defendant must show that the evidence was relevant or necessary to his defense before his confrontation rights are at issue. *Cf. State v. Stephen F.*, 2007-NMCA-025, ¶ 18, 141 N.M. 199, 152 P.3d 842, *aff'd* 2008-NMSC-037, 144 N.M. 360, 188 P.3d 84. As we pointed out in our calendar notice, Defendant failed to make any showing regarding how the evidence was relevant or necessary to his defense.

Defendant appears to be arguing that he sought to have evidence of prior allegations admitted, which is different from evidence of sexual history. The alleged allegations, however, relate to sexual conduct and are included in the ambit of the

3

Rape Shield Law. *See State v. Casillas*, 2009-NMCA-034, ¶¶ 25, 26, 145 N.M. 783, 205 P.3d 830. Defendant relies on *Manlove v. Sullivan*, 108 N.M. 471, 475 n.2, 775 P.2d 237, 241 n.2 (1989), to make the distinction. *Manlove* was decided years before the Supreme Court set out the current test in *Johnson* for evaluating when such evidence is admissible. Nevertheless, the distinction made in *Manlove* between sexual conduct and evidence of fabrication is found in *Johnson*.

It simply appears here that Defendant was unable to make a clear enough showing that he sought the evidence solely to attack the veracity of the victim's allegations. The evidence to be presented here is nothing like that in *Manlove*. It was the testimony of a police detective who was trying through interview of the victim to verify an allegation made by her mother of sexual contact by another person. The victim never verified the allegation. Defendant has not shown how that evidence is relevant or necessary to his defense.

Defendant argues that even assuming that *Johnson* applies, the first factor does not weigh against him. The first factor requires a clear showing that the complainant committed the prior acts. 1997-NMSC-036, ¶ 27. In its arguments to the district court, the State pointed out that it was not the victim here, but her mother who made the prior allegations. [RP 191] In fact, the victim never disclosed any prior sexual activity. Allegations made by the victim's mother were referred to CYFD, but the victim herself never reported any sexual activity. Defendant argues that saying that

4

the victim did not make the prior allegations is impractical and unworkable. He argues that children often report to a parent who then reports to authorities. But, in those cases, the authorities' follow-up corroborates a child's report to its parent. Here, the victim did not follow up her mother's allegation with a report of her own regarding sexual activity. Thus, there is no clear showing that the victim committed the prior acts.

We continue to hold that the district court did not abuse its discretion in applying the *Johnson* factors and excluding the evidence.

The two issues regarding instructing the jury on the meaning of "breast" have not been addressed in the memorandum in response to the calendar notice. Therefore, we deem them to have been abandoned. *State v. Salenas*, 112 N.M. 268, 269, 814 P.2d 136, 137 (Ct. App. 1991).

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

5

**CELIA FOY CASTILLO, Chief Judge**

_____

**JAMES J. WECHSLER, Judge**