This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

v.                                                            **No. A-1-CA-36824**

**FELEPE DE JESUS MUNOZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Defendant appeals his conviction for possession of methamphetamine. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Not persuaded, we affirm.

**SUFFICIENCY**

{2}    Defendant continues to challenge to the sufficiency of the evidence to support his conviction for possession of methamphetamine. [MIO 3]. A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{3}    In order to convict Defendant, the evidence had to show that Defendant knowingly had methamphetamine in his possession. [RP 94] Here, the State presented evidence that during a search incident to arrest a substance later determined to be methamphetamine was found in Defendant's sock. [MIO 1] The fact that the methamphetamine was hidden in a sock that Defendant was wearing supports the view that Defendant had knowledge of the illegal nature of the substance in question. *See State v. Wasson*, 1998-NMCA-087, ¶ 12, 125 N.M. 656, 964 P.2d 820 (stating that a

defendant's knowledge or intent generally presents a question of fact for a jury to decide). Although Defendant claimed that he believed that the substance was crushed glass [MIO 1], the jury was free to reject this explanation. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

**INEFFECTIVE ASSISTANCE**

{4}    Defendant has abandoned this issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that when a party has not responded to the court's proposed disposition of an issue, that issue is deemed abandoned).

**CONCLUSION**

{5}    For the reasons set forth above, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**HENRY M. BOHNHOFF, Judge**


_____
**EMIL J. KIEHNE, Judge**