This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37650**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**CHRISTOPHER SAIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Stephen E. McIlwain
Albuquerque, NM

Jason S. Montclare
Alamogordo, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

{1}     Defendant appeals the district court's judgment and sentence, convicting him for two counts of criminal sexual penetration in the second degree (CSP II in the commission of another felony) and one count of contempt. Unpersuaded that Defendant's docketing statement supplied sufficient information and established error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a motion for extension of time to file a memorandum in opposition and to allow an

amended docketing statement. This Court granted the motion, and Defendant filed a document entitled, "amended docketing statement." This document does not add new issues and again does not supply us with sufficient information to establish error. This Court confirmed with appellate counsel that the "amended docketing statement" is intended to constitute Defendant's response to our calendar notice, notwithstanding our order of March 6, 2019, granting the request to file an amended docketing statement. Thus, we refer to Defendant's "amended docketing statement" as his response to our notice or as the memorandum in opposition (MIO) and treat it as we would a typical response to our notice.

**{2}** On appeal, Defendant contends the district court erred by denying his motion for a continuance and to terminate the attorney-client relationship with his counsel and asserts that he was denied effective assistance of counsel. [DS 4-5; MIO 3-4, 5-7] Second, Defendant contends the district court erred by denying his motion for a new trial based on alleged discovery violations. [DS 5; MIO 4-5] Third and lastly, Defendant contends the district court erred by denying his motion for a new trial based on his inability to introduce exculpatory evidence. [DS 5; MIO 5] Defendant's response to our notice abandons three issues raised in the docketing statement. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (explaining that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**Defendant's Assertions Regarding Trial Counsel**

**{3}** Defendant contends the district court should have granted (1) his request to sever the attorney-client relationship due to their lack of communication, and (2) a continuance so that Defendant could file pretrial motions and prepare a defense. [DS 4-5; MIO 3-4, 6] Defendant raised these matters to the district court in a sparse pretrial motion on the morning of trial that did not identify the amount of delay requested, any details about the deteriorating attorney-client relationship or its actual impact on the case. [RP 78-79] As we stated in our notice, the record shows the district court concluded Defendant failed to show good cause for the filing of the motion so close to trial, and the motion was designed to cause needless delay. [RP 155] Defendant responds that the district court should have inquired into the allegations and asked whether counsel had provided Defendant with discovery to review and what efforts were made to prepare for trial. [MIO 3]

**{4}** Defendant continues to fail to explain how he demonstrated prejudice to the district court—i.e., how potential pretrial motions or defenses he would have raised would have changed the outcome—or how he established good cause for filing the motion on the morning of trial. *See State v. Jacobs*, 2000-NMSC-026, ¶ 46, 129 N.M. 448, 10 P.3d 127 ("[The] assertion of the possibility of prejudice, without more, is insufficient to establish actual prejudice."); *State v. Hobbs*, 2016-NMCA-006, ¶ 21, 363 P.3d 1259 ("Defendant must demonstrate that his counsel's errors prejudiced his defense such that there was a reasonable probability that the outcome of the trial would have been different." (internal quotation marks and citation omitted)). In essence,

Defendant contends the district court had an obligation to develop Defendant's claims on his behalf and ignore its own concerns about Defendant's potential gamesmanship, the additional, seemingly needless delay, and the impact of further delay on the alleged victim. [RP 155-56] This is not consistent with our case law and does not demonstrate abuse of discretion. *See State v. Gonzales*, 2017-NMCA-080, ¶¶ 32-33, 406 P.3d 534 (explaining it is the defendant's burden of establishing abuse of discretion in the denial of a continuance and stating the factors to consider: " '(1) the length of the requested delay; (2) the likelihood that a delay would accomplish the movant's objectives; (3) the existence of previous continuances in the same matter; (4) the degree of inconvenience to the parties and the court; (5) the legitimacy of the motives in requesting the delay; (6) the fault of the movant in causing a need for the delay; and (7) the prejudice to the movant in denying the motion.' " *Id.* ¶ 33 (quoting *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20)); *see also State v. Leyva*, 2011-NMSC-009, ¶ 36, 149 N.M. 435, 250 P.3d 861 (explaining that the preservation rule requires parties to state the applicable legal principle and develop the facts in the district court to adequately alert that court to the claim and provide it an opportunity to correct a problem and to afford the opposing party a fair opportunity to respond to the claim). As a result, we are not persuaded that Defendant has established error in the denial of his motion for a continuance and to fire trial counsel.

**{5}** We are similarly unpersuaded by Defendant's claim that he was denied the effective assistance of counsel. [DS 4-5; MIO 5-7] "To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Astorga*, 2015-NMSC-007, ¶ 17, 343 P.3d 1245 (internal quotation marks and citation omitted). "To determine if defense counsel's performance was deficient, we consider whether it fell below an objective standard of reasonableness." *Id.* ¶ 18 (internal quotation marks and citation omitted). To establish prejudice,

> A defendant must demonstrate that counsel's errors were so serious, such a failure of the adversarial process, that such errors undermine judicial confidence in the accuracy and reliability of the outcome. A defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* ¶ 21 (alterations, internal quotation marks, and citation omitted).

**{6}** "On direct appeal, the record is frequently inadequate to either evaluate counsel's performance or to determine prejudice." *Id.* ¶ 17. "As a result, we prefer an ineffective assistance of counsel claim to be brought in a habeas corpus proceeding, so that the defendant may actually develop the record with respect to defense counsel's actions." *Id.* ¶ 17 (internal quotation marks and citation omitted).

**{7}** Defendant asserts several deficiencies on the part of trial counsel denied him effective assistance of counsel: (1) the failure to communicate with Defendant; (2) the failure to hire or consult a DNA expert; (3) the failure to further investigate and test

more stains in the hotel room; (4) the failure to investigate the videos and other evidence showing Defendant near the scene of the attack; and (5) the failure to subpoena the two women Defendant claims to have had intercourse with in the same hotel room immediately prior to the alleged attack. [MIO 5-7] Neither Defendant's pleadings in district court nor those on appeal offer any background into or insight as to the basis for any of trial counsel's alleged failures that would permit us to evaluate whether trial counsel's actions actually fell below an objective standard of reasonableness. *See id.* ¶ 18. Additionally, even assuming defense counsel's performance was deficient, Defendant has not demonstrated he was prejudiced thereby. Defendant does not show how the outcome would have been different had his communication with his attorney been better or had his attorney engaged in further investigations or had his attorney subpoenaed two unidentified women. As a result, the record does not support these claimed failures to be unreasonably deficient, nor does the record show how correcting these failures would have affected the outcome. Because Defendant's contentions are too speculative on the record before us, we refer Defendant, as we often do, to habeas proceedings to develop the record to support his claims of ineffective assistance of counsel. *See id.* ¶ 17; *State v. Ortega*, 2014-NMSC-017, ¶¶ 57, 59, 327 P.3d 1076 (rejecting claims of ineffective assistance of counsel because the arguments were speculative).

**Alleged Discovery Violations**

**{8}** Defendant contends the district court erred by not suppressing evidence introduced at trial that was not provided to Defendant, personally. [MIO 4] Defendant and the record indicate the State fulfilled its discovery obligations by providing materials through the case management system and its "open file" policy, however. [MIO 5; RP 151, 156-57] Defendant does not refer us to any authority suggesting, under these circumstances, that more was required of the State or that the evidence should have been suppressed in the absence of a timely, meritorious motion to suppress. "[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists." *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129. To the extent this contention relates to Defendant's claim of ineffective assistance of counsel, he could pursue this claim in habeas proceedings.

**Motion for a New Trial**

**{9}** Defendant contends the district court erred by denying his motion for a new trial based on Defendant's inability to introduce potentially exculpatory evidence. [MIO 5] As we suggested in our calendar notice, Defendant did not sufficiently develop this claim in district court for the State to respond or for the district court's assessment. [CN 5] Thus, this claim was not sufficiently preserved for our review. *See Leyva*, 2011-NMSC-009, ¶ 36 (explaining the purposes of adequate preservation). On appeal, Defendant's slightly more detailed claim—that the investigating officers did not test all the evidence in the hotel room, which could have denied him exculpatory evidence—is too speculative to establish prejudice or error, fundamental or otherwise. *See State v. Astorga*, 2016-

NMCA-015, ¶ 5, 365 P.3d 53 ("Defendant must demonstrate prejudice from the errors he alleges; absent a showing of prejudice, Defendant cannot demonstrate error, let alone fundamental error, which we require for unpreserved claims."). To the extent this claim of error also relates to his claim of ineffective assistance of counsel, we again direct Defendant to habeas proceedings to develop the record. *Astorga*, 2015-NMSC-007, ¶ 17.

**{10}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment and sentence.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**