This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38254**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DOREN ELLSWORTH,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**    Defendant appeals his convictions for aggravated driving while intoxicated (DWI) (refusal), reckless driving, and open container. We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

**{2}**    Defendant continues to raise a challenge to the sufficiency of the evidence to support his convictions. [MIO 8] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in

this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citations omitted).

**{3}** Our calendar notice proposed to hold that there was sufficient evidence to support all three of Defendant's convictions. Defendant's memorandum in opposition is limited to a challenge to the evidence to support his identity as the driver of the vehicle in question. We therefore limit our analysis to the identification issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{4}** Here, Defendant was one of three people in a blue sedan that was involved in the underlying incident. [MIO 1-2] A witness in another vehicle identified Defendant as the driver of the blue sedan. [MIO 2] When the blue sedan stopped in the mall parking lot, this same witness described the two other individuals in the vehicle as female. [MIO 3] To the extent that there was some conflicting evidence relating to the physical description of the male driver, the jury could resolve this conflict and rely on the testimony that the driver was male. *See State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176 (stating that the reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict"); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (noting that the fact-finder is free to reject a defendant's version of events).

**{5}** For the reasons set forth above, we affirm.

**{6}   IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**