This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39006**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**ALBERTO SILVA GUERRERO,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa A. Hart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennet J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant appeals from his conviction for driving while under the influence of intoxicating liquor/drugs (DWI) (first offense). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** On appeal, Defendant contends that the metropolitan court erred in a suppression decision when it permitted the State to establish reasonable suspicion for initiating an investigation of Defendant based on the testimony of the second officer at the scene, after the testimony of the first officer, Officer Dustin Shrouf, had been

suppressed. [CN 1-2] Our notice of proposed disposition proposed to affirm, based on our understanding from the docketing statement that an officer witnessed Defendant collide with a blockade sign, and because in general, the docketing statement provided little information regarding the officers' testimony. [CN 5] We proposed to conclude that the officers who detained Defendant were aware of sufficient facts to form a reasonable suspicion and that the district court had not erred. [CN 5]

{3}     In his memorandum in opposition, Defendant clarifies that another officer, Officer Christian Cordova, was with Officer Shrouf when they saw Defendant's car collide with the barrier. [MIO 1-4] Officer Cordova also "smelled alcohol coming from [Defendant's] face and noticed that he had bloodshot watery eyes." [MIO 4] Officer Cordova, as well as the DWI unit officer who performed the DWI investigation, testified at the suppression hearing where the metropolitan court found that reasonable suspicion supported the expansion of the traffic stop to a DWI investigation. [MIO 3] Defendant appears to no longer contend that the State could not establish reasonable suspicion after the suppression of Officer Shrouf. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

{4}     Instead, Defendant now solely argues that "the scope of the detention here went beyond what was reasonably necessary to investigate the single vehicle minor traffic accident." [MIO 7] However, Defendant does not identify how, after Officers Shrouf and Cordova smelled alcohol coming from Defendant and observed his bloodshot watery eyes, the scope of the traffic investigation could not have been reasonably expanded into a DWI investigation. We are unpersuaded that, under our case law, the officers lacked reasonable suspicion to expand the investigation. *See Schuster v. N.M. State Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶ 30, 283 P.3d 288 (determining that an officer had reasonable suspicion to expand a community caretaker investigation into a DWI investigation when the officer observed a strong odor of alcohol coming from the defendant's mouth, the defendant's eyes were bloodshot and watery, and he admitted to having two beers); *State v. Walters*, 1997-NMCA-013, ¶¶ 6, 26, 123 N.M. 88, 934 P.2d 282 (reasoning that the odor of alcohol gave the officer reasonable suspicion to investigate whether the defendant was driving under the influence).

{5}     Accordingly, and for the reasons stated in our notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**