This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39439

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAMARIOUS DEVINE,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Vidalia Chavez, Metropolitan Court Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

{1}     Defendant appeals from his harassment conviction. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition with this Court, which we have duly considered. Unpersuaded, we affirm.

{2}     Defendant continues to argue that the trial court abused its discretion by admitting the "phone dump" containing text messages between Defendant and the victim into evidence. [MIO 1] Defendant specifies in his memorandum in opposition that it was error for the trial court to admit "the entirety of the phone dump," even though the

victim only testified about her knowledge of some specific messages contained within the "phone dump" and she "had not looked through the entire document." [MIO 2] Overall, Defendant argues that it was error to allow the jury access to the entirety of the "phone dump" when the victim had only authenticated some of the messages. [MIO 2]

**{3}** "A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion." *State v. Jackson*, 2018-NMCA-066, ¶ 13, 429 P.3d 674. It is not an abuse of discretion to admit evidence that is shown by a preponderance of the evidence to be what it purports to be. *State v. Jimenez*, 2017-NMCA-039, ¶ 18, 392 P.3d 668. "The authentication requirement may be satisfied by evidence of appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." *Jackson*, 2018-NMCA-066, ¶ 13 (internal quotation marks and citation omitted).

**{4}** Even if the victim did not authenticate every text message that was admitted into evidence, the trial court determined that the "phone dump" was a copy of the text messages [DS 4; CN 3], and therefore, the victim satisfied the authentication requirement by testifying that the "phone dump" contained copies of text messages sent between her and Defendant. *See id.* Defendant has cited no authority requiring that a witness authenticate every text message contained in a "phone dump" exhibit. *See State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists[.]").

**{5}** Given that Defendant has not responded to this Court's proposed disposition of his chain of custody issue, we deem the issue abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136. We therefore conclude that the trial court did not abuse its discretion by admitting the "phone dump," which contained a copy of text messages between the victim and Defendant. *See Jimenez*, 2017-NMCA-039, ¶ 18.

**{6}** Defendant also continues to assert that there was insufficient evidence presented at trial to support his conviction. [MIO 2-3] Defendant specifically contends that the sole eyewitness who testified at trial was not credible. [MIO 3] However, it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Defendant has not presented any additional facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{7}** For the reasons stated above and in our notice of proposed summary disposition, we affirm Defendant's conviction.

**{8}** IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**