This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39769

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MICHAEL ALAN CAZARES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Richard M. Jacquez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals the district court's order denying Defendant's motion to suppress and remanding the matter to the magistrate court following Defendant's conditional plea in magistrate court for driving while under the influence of liquor and/or drugs (.08 or above) (first offense), contrary to NMSA 1978, Section 66-8-102(C)(1) (2016). [Amended DS 2; RP 4-5] We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. Remaining persuaded, we affirm.

**{2}     Issue 1:** Our calendar notice proposed to affirm on this issue, and Defendant's docketing statement has made no further argument. Thus, he has abandoned the issue. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{3}     Issue 2:** Defendant continues to challenge the denial of his motion to suppress. [MIO 5] Defendant's motion to suppress stipulated to the following facts for purposes of a ruling on the motion; thus, no testimony was taken. [RP 139] Lieutenant Moises Ruiz (the Lieutenant) observed Defendant's vehicle cross an intersection at a slow rate of speed. [RP 139] The Lieutenant observed a second vehicle stop alongside Defendant's vehicle, and the driver of the second vehicle got out and appeared to talk to Defendant. [RP 139] The Lieutenant approached Defendant's vehicle and noticed that it had driven over the median curb. [RP 139] The second driver told the Lieutenant that she knocked on the driver's side window of Defendant's vehicle because it appeared that Defendant had fallen asleep. [RP 139] The Lieutenant saw Defendant attempt to accelerate and knocked on the right rear window to advise him to stop. [RP 139] The Lieutenant then walked up to the driver side door, opened it, and smelled an odor of alcohol coming from Defendant. [RP 139] Because Defendant stipulated to these facts, we provide a de novo review of the legal conclusions of the district court, although, as noted below, we defer to the fact-finder on reasonable inferences that may be derived from these uncontested facts. *See State v. Sheehan*, 2015-NMCA-021, ¶ 7, 344 P.3d 1064.

**{4}     **As we observed in our calendar notice, New Mexico courts recognize that "in some circumstances, without reasonable suspicion of criminal activity, police may intrude upon an individual's privacy to carry out community caretaker functions that further public safety." *State v. Walters*, 1997-NMCA-013, ¶ 10, 123 N.M. 88, 934 P.2d 282; *see also State v. Ryon*, 2005-NMSC-005, ¶ 20, 137 N.M. 174, 108 P.3d 1032 ("When police act as community caretakers . . . the existence of reasonable suspicion or grounds for probable cause are not appropriate inquiries."). "The public servant doctrine deals primarily with warrantless searches and seizures of automobiles." *Sheehan*, 2015-NMCA-021, ¶ 12 (internal quotation marks and citation omitted). "Under the public servant doctrine, a police officer may stop a vehicle for a specific, articulable safety concern, even in the absence of reasonable suspicion that a violation of law has occurred or is occurring." *Id.* (internal quotation marks and citation omitted). "This is an objective test to determine whether a vehicle stop is based on a reasonable concern for public safety" and "[t]he scope of any intrusion following the stop must be limited to those actions necessary to carry out the purposes of the stop, unless reasonable suspicion or probable cause arises." *Id.* (omission, internal quotation marks, and citations omitted).

**{5}     **Our calendar notice proposed to affirm because the Lieutenant had a specific articulable concern for public safety given that the Lieutenant saw Defendant drive slowly through the intersection, Defendant had driven over the median curb, the second driver stated that it appeared that Defendant was asleep, and Defendant attempted to accelerate after the Lieutenant had approached Defendant's vehicle. *See id.* The

Lieutenant opening Defendant's car door was properly within the scope of those actions necessary to carry out the purposes of the stop, which was to ensure Defendant was safe and to prevent Defendant from driving off and endangering the public. *See id.*

**{6}** Defendant's memorandum in opposition acknowledges a welfare check as being a basis for the stop; however, he argues that the officer did not need to open the car door. [MIO 9] Specifically, he alleges that the Lieutenant's primary motivation might have been to find evidence of criminal activity. [MIO 10] As noted, Defendant stipulated to the basic facts of this incident. Our standard of review affords the fact-finder broad latitude in making inferences from these facts. *See State v. Murry*, 2014-NMCA-021, ¶ 10, 318 P.3d 180 ("In reviewing a district court's ruling denying a motion to suppress, the appellate courts draw all reasonable inferences in favor of the ruling and defer to the district court's findings of fact as long as they are supported by substantial evidence."). It was reasonable for the district court to conclude that safety concerns and the welfare of the driver were the Lieutenant's primary motivation for opening the door. *See Ryon*, 2005-NMSC-005, ¶ 26 (noting that there is a lesser privacy expectation in a vehicle on a public highway than in other contexts, and the inquiry is whether a specific and articulable concern for public safety requiring the officer's general assistance).

**{7}** For the reasons stated above, we affirm the district court's order denying Defendant's motion to suppress.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**