This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39887**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**ALYSHA V.,**

Respondent-Appellant,

and

**RUDY M.,**

Interested Party,

**IN THE MATTER OF XAVION M.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth and Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

ChavezLaw, LLC
Rosenda Maria Chavez
Santa Teresa, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**     Respondent Alysha V. appeals from a district court order of abuse and neglect. We issued a calendar notice proposing to affirm. Respondent has filed a memorandum in opposition to our calendar notice. We affirm.

## ISSUES 1-3:

**{2}**     Respondent continues to challenge the sufficiency of the evidence to support the adjudication of abuse and neglect of Xavion M. (Child). This case is subject to the requirements of the federal Indian Child Welfare Act (ICWA), 25 U.S.C. §§ 1901 to 1963. The adjudication of abuse or neglect in an ICWA case must be supported by clear and convincing evidence. *See ex rel. Child., Youth & Fams. Dep't v. James M.*, 2023-NMCA-025, ¶ 2, 527 P.3d 633. "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *In re Termination of Parental Rts. of Eventyr J.*, 1995-NMCA-087, ¶ 2, 120 N.M. 463, 902 P.2d 1066 (internal quotation marks and citation omitted). We employ a narrow standard of review and do not reweigh the evidence. *Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 7, 137 N.M. 687, 114 P.3d 367. Rather, we review to determine whether, viewing the evidence in the light most favorable to the prevailing party, the fact finder could properly determine that the clear and convincing evidence standard was met. *Id.*

**{3}**     The district court determined that Child was without proper parental care and control or subsistence, education, medical, or other care or control necessary for Child's well-being, as set forth in NMSA 1978, Section 32A-4-2(G)(2) (2018). [RP 62] In support, evidence was presented that Respondent was picked up while having contractions, but was under the influence and unable to answer questions when she arrived at the hospital. [DS 2] Both Respondent and Child tested positive for methamphetamine. [DS 4] Child was admitted to the hospital, and while there, he had symptoms of withdrawal. [DS 4] Child also has special needs. [DS 3] This is the third of Respondent's babies who have tested positive for methamphetamine. [DS 4]

**{4}**     In *State ex rel. Children, Youth & Families Department v. Amanda H.*, 2007-NMCA-029, ¶¶ 21-24, 141 N.M. 299, 154 P.3d 674, this Court addressed whether a

child born drug-exposed is considered abused or neglected. This Court determined in *Amanda H.* that this is a fact-intensive inquiry, to be decided after all the evidence is presented, and that factors relevant to the inquiry were the extent of the baby's drug exposure in utero, the impact of the mother's drug use on the baby's health, the baby's toxicology report, the mother's prenatal care, the mother's drug habits, and the mother's behavior in relation to the baby at the hospital. *Id.* In our calendar notice, we proposed to hold that the facts set forth above distinguish *Amanda H.* and satisfy the Children, Youth & Families Department's burden of proof.

{5}     In her memorandum in opposition, Respondent does not specifically analyze the facts of this case under the factors set forth in *Amanda H.* Instead, she makes two arguments. First, she states that Child was returned to Father, and she rejoined the two in the family home. [MIO 8-9] She asserts that Child is thus safe. However, most of the factors we consider relate to the abuse and neglect that took place in utero and around the time of birth. *See id.* ¶¶ 21-24. Of particular note is Respondent's continued drug use. Before Child, Respondent had two other children  born drug-exposed. [MIO 6] This highlights the neglect Respondent exhibited with respect to protecting Child's health in this case. *Cf. In re I.N.M.*, 1987-NMCA-043, ¶ 27, 105 N.M. 664, 735 P.2d 1170 (explaining that it is not necessary to wait until a child is injured to establish abuse under our statutes). Respondent's second argument is that there was no showing of culpability in this case. [MIO 9-10] This argument ignores Respondent's use of drugs while she was pregnant, which was a strong showing of culpability, especially given her personal history with the medical dangers presented by such use. We therefore determine that there was sufficient evidence of abuse and neglect.

**ISSUES 4-5:**

{6}     Respondent has abandoned these two jurisdictional issues. [MIO 7] *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

{7}     For the reasons set forth in our notice of proposed disposition and herein, we affirm.

{8}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**