This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39215**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**DEAN M. RIECK,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Marci E. Beyer, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Dean M. Rieck
Hobbs, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals the judgment and order partially suspending sentence. This Court issued a notice of proposed summary disposition, proposing to affirm. Defendant filed a memorandum in opposition to the proposed summary disposition, which we have duly considered. Unpersuaded that the calendar notice was in error, we affirm.

**{2}** Our notice proposed to affirm based on our suggestions: (1) that as to his issues that the jury instructions given for the charge of felon in possession of a firearm "were erroneous both in the law and the facts of the case," [CN 2] the State did not prove every element of felon in possession of a firearm, and the district court allowed the

admission of three prior convictions "without following the proper procedures and criteria under the rules of evidence," [*Id.*] Defendant did not provide this Court with the information necessary to identify the alleged errors; (2) that as to his issues that the district court admitted fingerprint evidence without allowing Defendant to confront and cross-examine the person who prepared the report, the district court permitted the State to make repeated references to a revolver that was "never recovered" nor alleged to have been used in a crime, and Defendant was interrogated while in the hospital and medicated, without being advised of his *Miranda* rights, Defendant did not provide any facts, including facts supporting affirmance; (3) that as to his contention that he filed a motion to suppress the evidence discovered from a warrantless search, and that exculpatory evidence was deliberately withheld, Defendant did not provide this Court with sufficient information regarding the facts of the case to identify any error; (4) that as to his contention that he was denied his right of self-representation by not being permitted to participate in bench conferences during trial, although it appears that his stand-by counsel participated in them on his behalf, Defendant failed to provide any authority supporting his contention that his right to self-representation was violated; and (5) that as to his assertion of cumulative error, since we proposed that as no error was demonstrated, then likewise no cumulative error was demonstrated. [*See* CN 1-6]

**{3}** We first note that to the extent Defendant does not challenge proposed conclusions in the notice of proposed disposition, we deem those issues abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the appellate court's proposed disposition of an issue, that issue is deemed abandoned).

**{4}** To the extent Defendant responds to our notice of proposed disposition with new arguments, he first contends that "at no time did [Defendant] waive his right to counsel on appeal," and that he was "forced to proceed pro se." [MIO 3] We note that in response to this assertion, this Court issued an order for clarification seeking to confirm Defendant's wishes regarding appointment of appellate counsel. After Defendant responded and stated that he wished to waive appellate counsel, this Court remanded the case to the district court, which, following a hearing and appropriate advisement, entered an order granting Defendant's request to waive appellate counsel. [*See* Odyssey, Order Granting Defendant's Right to Waive Appellate Counsel (June 29, 2023)] The district court determined that "Defendant has knowingly, voluntarily and competently waived the assistance of appellate counsel." [Id. p. 2 ¶ 7] We therefore consider Defendant to be proceeding in a self-represented capacity in the present appeal by his own choice, and to the extent his memorandum in opposition asserted otherwise, that argument is now moot in light of his subsequent voluntary waiver of appellate counsel on the record. [MIO 1-4]

**{5}** Defendant also contends that he had no control over his appeal, that appointed counsel "control[led] every aspect of the appeal[,] she made every tactical decision," and that Defendant was bound by counsel's docketing statement. [MIO 5-6] We address this argument together with Defendant's general and repeated contentions that he was not permitted to file a new or replacement docketing statement, only an addendum to

the docketing statement. Specifically, Defendant asserts that, regarding the numerous issues in the addendum that the calendar notice stated were not developed or supported by facts and authority, Defendant was unable to present his issues fully because of only being permitted to file an addendum. [MIO 6-10, 11-12] We consider these issues together as a challenge to this Court's decision to permit Defendant to file a self-represented addendum to counsel's docketing statement, and a general argument that the addendum was insufficient to present Defendant's issues on appeal.

{6}     This Court's order permitting Defendant to file a self-represented addendum to the docketing statement, which was entered in response to his motion to strike counsel's docketing statement stated,

> Should Defendant wish to file an addendum to the docketing statement given that he is now proceeding pro se, he may do so within thirty (30) days of the entry of this order. If Defendant elects not to file an addendum to the docketing statement, this Court will proceed to calendar this matter based on the docketing statement submitted by Defendant's prior counsel . . . . However, if Defendant elects not to file an addendum to the docketing statement, Defendant will still have the opportunity to respond to any perceived errors in this Court's calendar notice or move to amend the docketing statement to include additional issues when he files a memorandum in opposition to this Court's notice of proposed disposition.

[*See* Odyssey, Order Denying Motion to Strike the Docketing Statement and Request for Substitute Counsel, (Oct. 28, 2021)] Nothing in this order limited Defendant's ability to present his issues, facts, or authority in the addendum. We note that Defendant's addendum raised ten issues, which were addressed in the calendar notice. Counsel's previously-filed docketing statement contained three issues—a sufficiency issue, a probable cause for a warrant issue, and a prior criminal history issue—the first and last of which were included, with somewhat different analysis, within Defendant's ten issue-addendum, which focused on a somewhat different issue regarding the warrant and alleged searches of his home. [Counsel DS 11-14] Because this Court's calendar notice responded to the issues as raised and presented by Defendant, and we now respond to Defendant's pro se memorandum in opposition, we fail to see, and Defendant has not persuaded us otherwise, that he lacked control over his appeal.

{7}     Most importantly, Defendant's memorandum in opposition does not provide the additional facts, analysis, or authority that we stated were missing in the addendum, nor does it identify what Defendant alleges he additionally could have presented if he was not filing an addendum. Without further explanation of how he was prejudiced, Defendant has not demonstrated reversible error as to this issue. *See State v. Leon*, 2013-NMCA-011, ¶ 41, 292 P.3d 493 ("An assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)). To the extent Defendant appears to frame the issue to be that the addendum denied him the effective assistance of his own self-representation, we are unpersuaded that ineffective assistance of

counsel is implicated when Defendant is arguing about the contents of his own voluntarily pro se filings. [MIO 12]

**{8}** Defendant finally contends that as to his issue regarding an alleged warrantless search, the issue was that the district court never addressed the matter, which Defendant states was raised in two motions to reconsider, and seems to imply was also raised at the suppression hearing. [MIO 10-11] Defendant again does not explain or develop this issue to an extent that would permit this Court to review it on appeal. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [the] issue, as required by [Rule 12-208(B)(3)], we cannot grant relief on [that] ground").

**{9}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**