This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41068**

**STATE OF NEW MEXICO,**

>       Plaintiff-Appellee,

v.

**GABRIEL R. VELASQUEZ,**

>       Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     Defendant appeals his conviction for leaving the scene of an accident. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     Defendant maintains that the jury instructions were fundamentally erroneous because they omitted the "knowingly" element for third-degree leaving the scene of an

accident. [MIO 1] *See* NMSA 1978, § 66-7-201(C) (1989) ("Any person who *knowingly* fails to stop or to comply with the requirements of [NMSA 1978, Section 66-7-203 (1978)] where the accident results in great bodily harm or death is guilty of a third degree felony." (emphasis added)). In our notice of proposed disposition, we addressed this, acknowledging the missing instruction, but nonetheless concluding that Defendant's agreement to be sentenced to fourth-degree leaving the scene, which does not explicitly include the word "knowingly," precluded a finding of fundamental error. [CN 3-4] *See* § 66-7-201(B) ("Any person failing to stop or to comply with the requirements of [Section 66-7-203] where the accident results in great bodily harm or death is guilty of a fourth degree felony.").

**{3}** Defendant now argues, however, that despite the lack of the word "knowingly" in Section 66-7-201(B), we should read that subsection to implicitly include the word despite its absence. [MIO 1] Defendant failed, however, to preserve this issue in the district court. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)). Defendant never objected to sentencing on the fourth degree charge, and in fact explicitly agreed to be sentenced as such. [MIO 2-3] His pro forma statement that "he reserve[ed] his right to appeal on this issue" is not sufficient to preserve it for our review. *See id.*

**{4}** As a result, we consider the issue for fundamental error. *See State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (explaining that fundamental error review is an exception to the preservation rule and is only employed "under extraordinary circumstances to prevent the miscarriage of justice"). Under this analysis Defendant bears the burden of (1) establishing error, and (2) demonstrating that the error rises to the fundamental level, to warrant reversal under this exacting standard. *See State v. Astorga*, 2016-NMCA-015, ¶ 5, 365 P.3d 53. While Defendant spends many pages detailing why the omission of the "knowingly" mens rea is error, he fails to provide any argument or authority regarding whether the alleged error is indeed *fundamental. See Silva*, 2008-NMSC-051, ¶ 13 ("[W]e will use the doctrine [of fundamental error] to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served."). Consequently, we conclude that Defendant has failed to carry his appellate burden to establish fundamental error with respect to this issue. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court and the party claiming error bears the burden of establishing such error).

**{5}** Defendant has explicitly abandoned his Issue 1 contained in the docketing statement, which related to the limitation of certain testimony at trial. Accordingly, we affirm on this issue as well. [MIO 7] *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned).

**{6}** For the foregoing reasons and the reasons outlined in our notice of proposed disposition, we affirm Defendant's conviction.

**{7}** **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**