This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41799**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**LARISSA O.-H.,**

Respondent-Appellant,

**IN THE MATTER OF KYLER F.,
HARPER H., and SPENCER O.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
Jane Shuler Gray, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM

Kelly P. O'Neill
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM
for Appellant

Pedro Pineda
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Respondent appeals from the district court's finding that she abused and neglected her three children. [RP 126-30] We previously entered a notice of proposed disposition, proposing to affirm. Respondent filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Respondent's memorandum in opposition abandons two of the assertions she made in her docketing statement, but argues that the exclusionary rule prevented the district court from relying on the fact that CYFD discovered fentanyl during a home visit and insufficient evidence supports the abuse and neglect findings. [MIO 4] *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 208, 814 P.2d 136 (noting that where a party has not responded to the Court's proposed disposition of an issue, that issue is deemed abandoned). Regarding the former argument, Respondent acknowledges that the exclusionary rule does not apply in abuse and neglect proceedings, but asserts that we should reconsider our holding in *State of New Mexico ex rel. Children Youth & Families Department v. Michael T.*, 2007-NMCA-163, 143 N.M. 75, 172 P.3d 1287. [MIO 10]

> A party asking this Court to overturn a decision must generally show either obvious error or that (1) the decision is so unworkable as to be intolerable; (2) reversing the decision would not create an undue hardship as a result of reliance on the previous decision; (3) the law surrounding the prior decision has developed to such an extent as to leave the old rule no more than a remnant of abandoned doctrine; or (4) the facts have changed in the interval from the old rule to reconsideration so as to have robbed the old rule of justification.

*State v. Moncayo*, 2022-NMCA-067, ¶ 7, 521 P.3d 120. Respondent does not address these factors and thus we decline to address this argument further or reevaluate our holding in *Michael T.* Consequently, we direct Respondent to our analysis in our proposed disposition on this issue.

**{3}** Our notice of proposed disposition also suggested affirmance was appropriate because sufficient evidence supported the district court's findings of abuse and neglect. [CN 4-7] Our proposal was based on both the facts asserted in the docketing statement as well as what was contained in the affidavit of the CYFD investigator. [*Id.*] In her memorandum in opposition, Respondent maintains that "the presence of illicit substances alone does not establish abuse or neglect." [MIO 8] However, Respondent does not address any of the other facts discussed in our proposed disposition. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*,

2013-NMCA-031, ¶ 3, 297 P.3d 374. We remain unpersuaded that Respondent has demonstrated that the calendar notice was in error on this issue.

{4}     Accordingly, and for the reasons stated herein and in our notice of proposed disposition, we affirm.

{5}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**Jennifer L. Attrep, Chief Judge**

**Katherine A. Wray, Judge**