This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41902**

**IN THE MATTER OF THE ESTATE OF
CASEY JORDAN MARQUEZ, Deceased,**

**JAMIE C. LATTIN,**

>  Petitioner-Appellee,

v.

**FREDERICK RUSSELL MARQUEZ,**

>  Interested Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY
Douglas W. Decker, District Court Judge**

Macias-Mayo Law, P.C.
Amber R. Macias-Mayo
Serena C. Valley
Santa Fe, NM

for Appellee

William G. Stripp
Ramah, NM

for Appellant

### MEMORANDUM OPINION

**WRAY, Judge.**

**{1}**     Father appeals from the district court's order granting Mother's motion for declaratory judgment to bar Father from claiming settlement benefits, pursuant to the Wrongful Death Act (WDA), NMSA 1978, Section 41-2-1 to -4 (1882, as amended through 2001), on the basis that he had abandoned his minor child. We issued a

calendar notice proposing to affirm. Father has filed a memorandum in opposition and Mother has filed a memorandum in support, both of which we have duly considered. Unpersuaded, we affirm.

**{2}**     Initially, we note that in his memorandum in opposition, Father only renews one of the two issues raised in the docketing statement. We limit the scope of our discussion accordingly. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (explaining that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned). Father continues to argue that the district court erred by barring Father from receiving any settlement proceeds, stating only that "no judicial determination as to what settlement benefits were received pursuant to the WDA and what settlement benefits were received pursuant to other causes of action." [MIO 2] He argues that "[t]he district court's judgment was deficient" such that the entire matter should be reheard. [MIO 2]

**{3}**     Father, however, has not asserted any new facts and does not challenge our understanding of the proceedings below or identify any particular legal error in our proposed analysis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, we are unpersuaded that our notice of proposed disposition was erroneous. [CN 7-8]

**{4}**     For the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order granting Mother's motion for declaratory judgment to bar Father from claiming settlement benefits pursuant to the WDA.

**{5}     IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**SHAMMARA H. HENDERSON, Judge**